United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AMILCAR JERONIMO MANTAR,

Petitioner,

v.

WARDEN/FACILITY ADMINISTRATOR, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

Case No. 1:26-cv-08834 (EJD)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

Petitioner Amilcar Jeronimo Mantar filed a petition for writ a habeas corpus pursuant to 28 U.S.C. § 2241, as well as a motion for a temporary restraining order, seeking immediate release from custody. *See* Dkt. No. 1, 2. Though Petitioner accepts that his detention is correctly controlled by 8 U.S.C. § 1226(a), and that he received a bond hearing pursuant to that statute, he maintains that his continued detention violates his Fifth Amendment right to due process. Dkt. No. 1 at 14–16. For the reasons that follow, the Court dismisses the petition without prejudice and denies the TRO as moot.

## I. BACKGROUND

Petitioner alleges the following facts. He is a native of Guatemala who entered the United States at an unknown date and time. Dkt. No. 11-1 at 2. This appears to be Petitioner's first arrest and detention by ICE. In July 2026, he was pulled over by Florida Highway Patrol and transferred to ICE custody following the issuance of an administrative warrant. *Id.* at 2, 22. ICE served Petitioner with a "Notice of Custody Determination" informing him of the basis for his detention and providing an opportunity to request a custody redetermination hearing shortly thereafter. *Id.* at

United States District Court
Eastern District of California

21. Petitioner was further served with a Notice to Appear, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and § 1182(a)(7)(A)(i)(I), and placing him into removal proceedings. *Id.* at 14–17.

In August 2026, Petitioner received a custody redetermination hearing before an Immigration Judge ("IJ") and was denied bond on a finding that Petitioner was a flight risk. *See* Dkt. No. 11-1 at 4–6; Dkt. No. 1 at 8. The IJ produced a written order in denying release, noting that it considered the *Matter of Guerra* factors, including evidence of a stable address, familial ties, the speculative nature of immigration relief, and information from a sponsor, in denying release. Dkt. No. 11-1 at 5. In October 2026, Petitioner was ordered removed to Guatemala by an immigration judge. Dkt. No. 11-2 at 1. He appealed the decision to the Board of Immigration Appeals ("BIA"), which remains pending. *Id.* at 3.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents oppose relief, arguing (1) that Petitioner is properly detained under 8 U.S.C. § 1226(a) and has received the process he is due under that statute, and (2) that he must exhaust his administrative remedies by appealing his bond order to the BIA before seeking relief in habeas.

Dkt. No. 11 at 4–5. To the extent Petitioner challenges the IJ's findings in his petition, he must exhaust his administrative remedies before seeking relief in this court. As to Petitioner's remaining claims, he has not shown his continued detention under 8 U.S.C. § 1226(a) is unconstitutional.

**A. Exhaustion**

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

To the extent that Petitioner challenges the IJ's finding of flight risk, the *Puga* factors weigh in favor of requiring Petitioner to exhaust his administrative remedies through an appeal of his bond denial to the BIA. First, the BIA is the subject-matter expert for appeals of custody redetermination and bond decisions. Accordingly, BIA consideration of the IJ's decision is necessary to generate a proper record and reach a proper decision. Second, permitting Petitioner to bypass the administrative scheme that governs appeals from bond and custody decisions by challenging this finding through habeas relief, *see* 8 C.F.R. § 1236.1(d), would likely encourage deliberate bypassing of this scheme. Third, BIA review of a bond and custody redetermination decision is likely to facilitate correction of any mistakes by the IJ and preclude the need for judicial review.

However, an exception applies to Petitioner's claim that the procedures under § 1226(a), as applied to him, violated his procedural due process rights. *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (waiver of exhaustion requirement proper where the petitioner raised a purely legal challenge). This type of claim cannot be reviewed by the BIA because it "is well settled that [the BIA] lack[s] jurisdiction to rule on the constitutionality of the [Immigration and Nationality Act] and [its] regulations." *In re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997); *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995) ("Clearly the BIA has no jurisdiction to decide questions of the constitutionality of the immigration laws"). Accordingly, Petitioner's claims challenging the constitutionality of his continued detention under 8 U.S.C. § 1226(a) may be reviewed by this Court.

**B. Due Process**

Under § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Petitioner contends that his detention under this statute violates his procedural and substantive due process rights under the Fifth Amendment. Dkt. No. 1 at 14 Dkt. No. 11-1 14–15. These arguments lack merit.

First, Petitioner was not entitled to a pre-deprivation hearing prior to his arrest. Though non-citizens previously released by immigration officials and then re-detained are entitled to further process prior to revocation of their parole, Petitioner has not alleged that he was previously granted parole status by ICE. Further, Petitioner has not alleged that any prior interaction with immigration authorities created a liberty interest entitling him to a pre-deprivation hearing before his arrest. *See Kharitonova v. Albarran*, No. 3:26-CV-01362, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026).

Second, Petitioner received the process to which he is entitled under 8 U.S.C. § 1226(a). Following arrest upon an administrative warrant under § 1226(a), ICE makes an initial custody determination, which may include setting bond or releasing the individual on conditional parole. 8 C.F.R. § 236.1(c)(8). A detainee may then request a bond redetermination hearing before an

immigration judge to challenge that finding. 8 C.F.R. § 236.1(d)(1). At the hearing, the detainee bears the burden of demonstrating to the immigration judge that he "is [not] a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *See In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). If the immigration judge denies bond, the detainee may appeal to the BIA. 8 C.F.R. § 236.1(d)(3). Finally, a detainee may request an additional bond hearing whenever he experiences a material change in circumstances. *See* 8 C.F.R. § 1003.19(e). Here, Petitioner was served with a warrant, as well as a Notice of Custody Determination through which he could request a further bond hearing. Dkt. No. 11-1 at 21–22. He was provided that bond hearing shortly thereafter in August 2026. Accordingly, Petitioner's detention under § 1226(a) is lawful.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED without prejudice and the TRO is DENIED. The Clerk of Court is directed to enter judgment for Respondents and close this case.

**IT IS SO ORDERED.**

Dated: November 17, 2026

EDWARD J. DAVILA
United States District Judge